**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4709

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE ROSWELL DAVIS, a/k/a Bloody Tye, a/k/a Turtle,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00281-FL-1)

Submitted:  June 22, 2023                                    Decided:  June 26, 2023

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, John Gibbons, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Roswell Davis pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Davis' appellate waiver was knowing and voluntary, whether trial counsel rendered ineffective assistance, and whether there is any evidence of prosecutorial misconduct. Davis was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Davis' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

2

Our review of the record confirms that Davis knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable. Although Davis' ineffective-assistance claim falls outside the scope of the waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Davis' claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Davis' prosecutorial-misconduct claim also falls outside the scope of the waiver, but our review of the record revealed no evidence of prosecutorial misconduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Davis' valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*